Opinion of the Court on the Petition for the re-hearing, by
Chief Justice Bibb.

Devises. Contingent Remainders. Estates Tail. Construction.

The question grows out of a clause in John Dunlap’s will, wherein he devises certain slaves to his daughter Jane, and certain others to his daughter Cynthia, “and if one of my daughters should die before the other, leaving no issue, I will that the part willed to her, should go to the use and benefit of the other of my other surviving daughters, and if both should die without issue. then I will that my beloved wife, should enjoy the property willed to them, during her life, and at her death, leaving no lawful issue, then I will that said property be equally divided between sister Isabella Howe, and sister Jane Howe’s children.”
Cynthia died unmarried and childless, before the testator; Jane survived her, and after the death of the testator, died unmarried and childless; the wife of the testator survived them, and having survived all her children, and not having any child since the death of her husband, John Dunlap, she died then childless, in the year 1824.
And now the ultimate devisees of John Dunlap, the children of Jane Howe and of Isabella Howe, claim the slaves: and by the opinion formerly delivered, they are entitled. To that opinion, a petition has been presented for reconsideration.
That the devise over to Howe, depending upon the death of the wife, Elizabeth Dunlap, is not a good devise, is asserted in the petition. To make it a void devise, it is argued that the devise to the wife, and the terms of the after devise to the children of Jane Howe, converted the life estate, expressly limited to the wife, into an estate tail, by implication; and that if she had died, leaving issue, *219 such issue would have taken, by representation, as heir to the mother, and not as purchaser, by the will of Dunlap.
In slaves, a remainder can be limited only where it could be created of a chattel personal, at common law.
Of executory devises.
Devise to a daughter,and if she die without issue, to the widow for life, and at her death, leaving no issue, to his nieces, on the death of the daughter and wife without issue, the nieces take by the executory devise.
There may be a devise over after a life estate, is a personal chattel,
That enquiry is not worth pursuing, because the wife left no such issue, but at the very time of her decease, died without issue; because no such estate tail could be created, or limited in law, in these slaves, by reason of the declaration of the statute of 1798,(2 Lit L. K. 113. 2 Dig. 1156. Sec. 38) that “no remainder of any slave or slaves, shall or may be limited by any deed, or last will end testament, in writing, of any person whatsoever, otherwise than the remainder of a chattel personal, by the rules of the common law, can or may be limited,” &c.
And because, by an executory devise, a fee simple or other less estate, may be limited, even after a fee simple, and by it, a remainder of a chattel interest may be limited after a particular estate for life created in the same.
The true question is, to what extent the remainder of a chattel personal can be carried by limitation, according to the rules of the common law. This extent is to a life or lives in being, and one and twenty years after. We are then brought to the plain intent of the testator; and if the intent of the will be to give the slaves to the Howes only, in case the wife, Elizabeth Dunlap, had no issue living at the time of her death, then the subsequent devise over to them is good, as an executory devise. So says Fearn, 371, and the cases referred to in 3 Pr. Wms. 268, (Coxe’s Edition.) and so says Christian, in his edition of Black. Com. Vol. 2, 175, in note.
In Hyde vs Parrott, et. al 1 P. Wm. case 1, Hyde devised his household goods to his wife for life, and after her death, to his son. The court, on the strength of authority and precedents, construed the use of the goods, and not the goods, to pass to the wife for life, “in order the better to comply with the intention of the testator,” and allowed the devise over, to be good. So it was adjudged and set *220 tled in the case of Tissen vs Tissen, (1 Pr. Wms. 500.) and in Upwell vs Holsey, (1 Pr. Wms. 651.)
Argument of appellant stated.
Dying without issue has two significations, the natural and technical-But
In both these cases, limitations over after an estate for life in goods, were held good. In Tissen vs Tissen, the chancellor said, “anciently the notions were, that a personal thing given to one for life, or even for a day, was a gift forever, and would not bear a limitation over; but the construction has since been, that such devise passes only the use and profits, and not the thing itself, and so is made good that way.
By this will of Dunlap, the devises are all to persons then in being, before, the limitation over to the Howes in made, so that all the candles are lighted and are consuming together, and the ultimate remainder is only given after the death of the longest liver of Jane and Cynthia, the daughters, and Elizabeth, the wife; as we understand the devise. But as the counsel for the petitioner would have us to make it, the contingency does not cease, and be determined by the death of the wife. Why not? Because, as the argument is, the wife might have left issue, and that issue would be entitled, and that issue might again have left issue to be entitled, and so on, until after a long succession of issue, they might at last become extinct, and then the wife, Elizabeth, would be dead without issue. So that the limitation over is not confined to a contingency, to happen or not to happen during the life of the wife, and to be determined by her death.
It is true, that the expression “dying without issue," has two significations:
1st. A common and natural sense; and that is dying without leaving issue at the time of the death.
2ndly. A legal sense; and that is a failure of issue. In this latter and legal sense, the counsel would have us to understand the words used by the testator. Dunlap.
To do this we must: 1st. substitute very plain expressions in the will, for another form of expression. 2nd, we mass violate the plain intention of *221 the testator. 3rd, we must violate the rules of construction.
A devise to one “during her life, and at her death, leaving no lawful issue, then I will,” &c. the remainder over has but one meaning, and the instant of her death, the contingency is fixed.
An express estate shall not be destroyed to enlarge another by implication.
If words bear a lawful and an unlawful signification, the former shall be preferred.
*221 1st. There is a wide difference between “dying without issue” or “dead without issue,” and the expressions used in the will, “during her life, and at her death, leaving no lawful issue, then, I will,” &c. “During her life, and at her death”—“then I will.” &c do not embrace a continued and indefinite lapse of time after her death, for the happening of the event. The instant that she died the fate of the contingency was determined
2ndly. To run those expressions, “during her life, and at her death, leaving no lawful issue then.” into an indefinite and after continuing time, would violate the very plain words and intention of the testator. He has said that his wife shall enjoy the property “during her natural life, and at her death, leaving no lawful issue, then,” &c. To what time does “then” refer? It is in vain to endeavour to alter the sense by putting a hiatus between “issue” and “then,” or by putting a comma in writing, between “issue” and “then;” the will of the testator refers to one period only by the word “then,” and that period is “at her death, leaving no issue then,” The sense and meaning does not depend upon the tail of a comma, or the placing it before this word “then,” or after it.
3rdly. The testator has expressly given to his wife an estate during her life only. To enlarge that estate by implication, made out of the words by which he expresses his further devise over to the Howes, would be against the rules of construction: 1st, by implication to destroy an express estate, which shall not be done. As, where the testator devised his estate to A. for life, remainder to his first son, and so to every other son in tail male, and for want of issue of A. remainder over: this was not an estate tail in A. by implication. Bamfield vs Popham, 1 Pr. Wms. 54; and many others there cited.
But if must be remembered that the law will not permit an estate tail to be limited of a slave or slaves; *222 in that respect the statute places them on the footing of chattels personal. To construe the words, “at her death, leaving no issue, then I will.” &c. after an express estate for life, into an estate tail by implication, would be to defeat the lawful intention of the testator, by converting it by implication, into an unlawful intention.
Same words in different parts of a will may be given different constructions, that the operation may be lawful and all have effect.
Conclusion.
To prevent such an effect and destruction, the same words in the same will have been construed differently, according to the subject matter of the devise, touching the realty and personalty. In Forth vs Chapman, 1 Pr. Wms. 667—668. the case was, Walter Gore devised his leasehold estate to William and Walter Gore, and the remainder of his estate and all his goods and chattels, to his nephew, William Gore; and “if either of his nephews, William or Walter, should depart this life and leave no issue for their respective bodies,” then he gave the said leasehold premises to the daughter of his brother William Gore, and the children of his sister Sibley Price;” and the question arose, whether the limitation over of the leasehold premises, to the children of his brother and sister was void, as too remote. And it was determined that “the same words as to the freehold, should to taken in their legal sense, a failure of issue generally; but as to the chattel interest, the words “depart this life, and leave no issue for their respective bodies, then he gave,” &c should be understood in the “common and natural” sense, without leaving issue at the death, and not in the legal sense, a failure of issue at any future time: because such understanding of the testator would make his devise of the chattel interest to the children, good. And in accordance with this, many other cases are given in the note to it. It is common for the same word to have the same significations, the one or the other.of which is applied according to the subject matter of the discourse. So dying without issue, or leaving no issue, may mean differently, when applied to a devise of a freehold of inheritance, or to a chattel.
To construe the express devise to the wife during her life, into an estate tail, by implication, and the *223 words "at her death, leaving no lawful issue," into the legal sense of a general and indefinite failure of issue at any future day, would be doing violence to the intention of the testator, and the rules of construing wills.
Mayes aud Crittenden for appellants; Wickliffe and T. A. Marshall for appellees.
The petition is not granted.